UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I., and
SHARON KEY,

    Plaintiffs,

v.

MIDEA AMERICA CORPORATION,

    Defendant.

_____/

CASE NO.:

## COMPLAINT

The plaintiffs, for their complaint against the above-named defendant, state:

## PARTIES

1. Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") is a foreign company licensed to sell insurance in the State of Wisconsin. Its principal place of business where its officers and directors control the company's operations is located at 6000 American Parkway, Madison, Wisconsin.

2. Sharon Key ("Key") is an adult resident of the State of Kansas, residing at 426 W. Kansas Street, Apartment B, Liberty, Missouri ("Key's home").

3. Defendant Midea America Corporation ("Midea America") is a company incorporated under the laws of the State of Florida.

    a. Its principal place of business, where its officers and directors control the company's operations is located at 5 Sylvan Way, Parsippany, New Jersey.

    b. Its registered agent for service of process in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida.

    c. It maintains an office, and conducts regular and significant business, at 11800 NW 100th Road, Ste. 4, Medley, Florida.

## JURISDICTION AND VENUE

4. The amount in controversy is over $75,000.00.

5. The court has subject matter jurisdiction over this matter because under 28 U.S.C. §1332, because the plaintiffs reside, and/or are incorporated and maintain their principal place of business in states (Wisconsin and Kansas) diverse from the states in which the defendant is incorporated, resides and maintains its principal places of business (Florida and New Jersey).

6. The Court has personal jurisdiction over the defendant because it has incorporated itself in the State of Florida. "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## FACTS

8. Guangdong Midea Electric Co., Ltd., a Chinese Company, designed, engineered, manufactured, introduced into the stream of commerce, and sold dehumidifiers which were defective ("the dehumidifiers").

9. This court does not have personal jurisdiction over Guangdong Midea Electric Co., Ltd.

10. Midea America imported the dehumidifiers into the United States and distributed them.

### *The Colucci Dehumidifier*

11. One of the dehumidifiers was sold to Anthony and Kathleen Colucci ("the Coluccis").

12. The dehumidifier was used at the Coluccis' home, 124 Summit Avenue, Center City, Minnesota.

13. The Coluccis used the dehumidifier in a manner that was anticipated, proper, foreseeable, and consistent with all instructions and warnings that were provided to them.

14. On May 21, 2021, the dehumidifier spontaneously combusted in the Coluccis' home, causing a fire ("the Colucci fire").

15. The Colucci fire caused extensive damages to the Coluccis' home and personal property.

16. At the time of the fire, American Family had issued to the Coluccis, and there was in full force and effect, a policy of insurance that insured the Coluccis against the damages caused by the fire. Pursuant to its policy, American Family paid to, or on behalf of the Coluccis the damages caused by the fire, less any applicable deductible, and is subrogated to the rights of the Coluccis to the extent of its payments.

## *The Key Dehumidifier*

17. One of the dehumidifiers was sold to Key.

18. The dehumidifier was used at Key's home.

19. Key used the dehumidifier in a manner that was anticipated, proper, foreseeable, and consistent with all instructions and warnings that were provided to them.

20. On May 21, 2022, the dehumidifier spontaneously combusted in Key's home, causing a fire ("the Key fire").

21. The Key fire caused extensive damages to Key's home and personal property.

22. At the time of the fire, American Family had issued to Key, and there was in full force and effect, a policy of insurance that insured Key against the damages caused by the fire. Pursuant to its policy, American Family paid to, or on behalf of Key the damages caused by the fire, less any applicable deductible, and is subrogated to the rights of Key to the extent of its payments.

## FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY CLAIM AGAINST MIDEA AMERICA

23. The plaintiffs incorporate herein by reference the preceding paragraphs.

24. Midea America imported and distributed the dehumidifiers.

25. The Coluccis and Key are in the class of persons that Midea America should reasonably have foreseen as being subject to the harm caused by the defective condition of the dehumidifiers.

26. The dehumidifiers contained one or more design and/or manufacturing defects.

27. The dehumidifiers, as manufactured, deviated from their intended design.

28. The defective condition of the dehumidifiers rendered them unreasonably dangerous to the Coluccis' property and Key's property.

29. The defective condition existed at the time the dehumidifiers left the control of Midea America.

30. The dehumidifiers reached the Coluccis and Key without any material change in the condition in which they were manufactured or sold.

31. The defective condition of the dehumidifiers were the cause of the fire and the resulting damages.

32. Pursuant to Minn. Stat. §544.41(2)(3), Midea America is liable for the damages caused by the Colucci dehumidifier.

33. Pursuant to Mo. Rev. Stat. §537.762(2), Midea America is liable for the damages caused by the Key dehumidifier.

   WHEREFORE, Plaintiffs demand judgment against the defendant in an amount to be determined, plus prejudgment interest, all taxable costs, fees and expenses, and all other just and equitable relief.

Dated this 30th day of May 2024.

                                CHARLIP LAW GROUP, LC
*Counsel for Plaintiffs, American Family Mutual Insurance Company, S.I. and Sharon Key*
1313 E. Robinson Street
Orlando, FL 32801
Telephone:   (305) 354-9313
Facsimile:   (305) 354-9314
dcharlip@charliplawgroup.com

By: */s/ David H. Charlip*
David H. Charlip, B.C.S.
Florida Bar No.: 329932

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 30, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve electronically a copy of the foregoing on all counsel or parties of record on the service list.

By: */s/ David H. Charlip*
David H. Charlip, B.C.S.
Florida Bar No.: 329932